**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAD ANDREW LARSEN, | No. 15-16347 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-04884-JST |
| v. | |
| DANIEL PARAMO, Warden, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted May 18, 2017**
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and OLIVER,*** Chief District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Solomon Oliver, Jr., Chief United States District
Judge for the Northern District of Ohio, sitting by designation.

Chad Andrew Larsen, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury trial conviction for conspiracy to commit murder and solicitation to commit murder. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a state prisoner's habeas petition. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). We affirm.[1]

Appellant claims that the trial court's refusal to give a pinpoint jury instruction on his Asperger's Syndrome and lack-of-intent defense, under CALCRIM No. 3428, violated his Fourteenth Amendment due process right to present a defense. The California Court of Appeal adjudicated Appellant's claim on the merits when it determined that the trial court did not violate his constitutional rights.

The Court of Appeal's determination was not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). No clearly established federal law, as determined by the Supreme Court, holds that a state court's failure to give a pinpoint jury instruction on the defense theory of the case violates a criminal defendant's due process right to "be afforded a meaningful opportunity to present a

---

[1]    We also grant Appellant's unopposed motion to supplement the record on appeal.

complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984); *see also Moses v. Payne*, 555 F.3d 742, 757 (9th Cir. 2009). *Mathews v. United States* stated a "general proposition" of federal criminal procedure; it did not recognize a constitutional right to a jury instruction. 485 U.S. 58, 61–63 (1988).

Although the trial court erred under California state law by failing to give a jury instruction on CALCRIM No. 3428, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Further, Appellant was given a meaningful opportunity to present a complete defense because the jury heard and was properly instructed to consider evidence bearing on his specific intent, including testimony on his diagnosed Asperger's Syndrome. Because we would uphold the California Court of Appeal's determination on de novo review, a fortiori it is not an unreasonable application of Supreme Court precedent. *Bradley v. Duncan* is not to the contrary. 315 F.3d 1091 (9th Cir. 2002). That case involved a trial court's refusal to give an instruction on the affirmative defense of entrapment, not a pinpoint instruction that directs the jury to consider particular evidence under an element of the offense. *Id.* at 1094, 1098–99.

AFFIRMED.